

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00431-CR
07-17-00463-CR

LUCAS MORIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2017-413,228, Honorable John J. "Trey" McClendon III, Presiding

July 11, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Lucas Morin, appellant, appeals his convictions upon two counts of possessing controlled substances with the intent to deliver, namely cocaine and methamphetamine. Through his sole issue, he contends that the evidence was insufficient to establish that he possessed the controlled substances.[1] This is purportedly so because others were in

---

[1] Appellant mentioned three issues in the opening paragraph of his brief. Two of them did not concern the sufficiency of the evidence underlying his conviction. Yet, only the sufficiency point was mentioned in the summary of argument and was briefed. So, to the extent that appellant intended to raise others, they were waived due to the lack of adequate briefing. *See* TEX. R. APP. P. 38.1.

the house and room to whom the drugs could have belonged, and there was not enough of a nexus between appellant and the drugs to support conviction. We affirm.

The standard of review to be applied here is that stated in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). We refer the parties to it.

Next, one may not be convicted of possessing a controlled substance unless the accused exercised actual care, control, or custody over while knowing it to be contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Moreover, possession over the contraband need not be exclusive to warrant conviction; joint possession is enough as well. *Jones v. State*, No. 14-15-00612-CR, 2016 Tex. App. LEXIS 12478, at *5-6 (Tex. App.—Houston [14th Dist.] Nov. 22, 2016, no pet.) (mem. op., not designated for publication). And, if not in the exclusive possession of the accused, the following indicia are utilized in determining whether he nonetheless exercised such care, custody, and control over the contraband. They include such things as whether 1) the accused was present when the search was conducted, 2) the contraband was plainly visible to those present, 3) the drugs were near the defendant, 4) the defendant was under the influence of the substance found, 5) the defendant possessed other contraband or drug paraphernalia when arrested, 6) the defendant made any incriminating statements, 7) the defendant attempted to flee, 8) the defendant made any furtive gestures, 9) the contraband emitted a recognizable odor at the time, 10) other contraband or drug paraphernalia was present, 11) the defendant had the right to exclusive or joint possession of the locale at which the drugs were found, 12) the place where the drugs were found was enclosed, 13) the accused attempted to conceal the contraband, and 14) the accused was familiar with the type of contraband involved. *Lockett v. State*,

2

No. 07-11-00212-CR, 2012 Tex. App. LEXIS 2825, at *2 (Tex. App.—Amarillo Apr. 10, 2012, pet. ref'd) (mem. op., not designated for publication). It must be remembered that the number of factors present is not as important as the degree to which they tend to link the defendant to the contraband. *Id.* Indeed, the logical force of the circumstantial evidence of record, not the number of links, controls. *Evans v. State,* 202 S.W.3d 158, 166 (Tex. Crim. App. 2006).

As argued by appellant, the police encountered multiple people within the house when entering to execute a search warrant. Yet, only two were in the bedroom wherein the officer found appellant. The bedroom was located on the south side of the house adjacent to the backyard. Of the rooms that had windows located on the south side of the house, only the bedroom wherein appellant was found had its window open. This is of import since outside and within three to six feet of that window did the officers find a black zippered case laying on the otherwise uncluttered ground. The case appeared to be clean, neat, and free of dust and debris. And, upon opening it, the officers discovered numerous wadded-up baggies containing white crystalline substances. The baggies and their packaging were consistent with those used by people trafficking in cocaine and methamphetamine, according to an officer. Analysis of the baggies' contents disclosed that the crystalline substances were both cocaine and methamphetamine.

Within the bedroom occupied by appellant, the officers found a digital scale, a green leafy substance believed to be marijuana, several pipes one of which was covered with white crystal residue, pills, letters or mail addressed to appellant, two cell phones, "crumpled-up baggies" in a plastic container, and a tote bag containing appellant's social security card. A search of appellant himself also uncovered a Crown Royal liquor bag

containing $363 and his driver's license.  Items belonging to the female were also found within the bedroom.  They consisted of nothing more than a purse and shirt.

The letters addressed to appellant, the tote bag with his social security card, the digital scales, pills, the pipes (one containing white crystalline residue), the green leafy substances, the crumpled baggies, the large sum of cash on appellant's person, his bedroom being the only room on the south side of the house to have its window open, the drugs being found outside yet in very close proximity to that window, the cleanliness of the case holding the drugs (which suggested that it was recently tossed from the window), and the presence of baggies within it as well, is some evidence upon which a fact-finder could rationally conclude, beyond reasonable doubt, that appellant exercised at least joint care, custody, and control over the drugs found in the case.  Accordingly, we overrule appellant's sole issue and affirm the judgment of the trial court.


Per Curiam

Do not publish.